UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE PANOS,<br><br>Plaintiff,<br><br>v.<br><br>AXIOM BANK NATIONAL ASSOCIATION<br><br>Defendant. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff, George Panos ("Mr. Panos" or "Plaintiff) by and through its undersigned counsel, hereby files this Complaint, seeking monetary damages and such other relief as the Court deems appropriate, against Defendant Axiom Bank N.A. ("Axiom Bank" or the "Bank"), and in support thereof alleges as follows:

**THE PARTIES**

1. Plaintiff George Panos is an individual residing at 940 Mansion Road, Drexel Hill, Pennsylvania 19026 and a former employee of Axiom Bank.

2. Defendant Axiom Bank, N.A. is a national bank with its principal place of business and headquarters at 258 Southhall Lane, Maitland, Florida 32751.

3. Axiom Bank hired Mr. Panos as a permanent remote worker and knew at all relevant times that Mr. Panos was living, and would be working fully, in the State of Pennsylvania. In doing so, Axiom Bank benefited from maintaining Mr. Panos' residence in Pennsylvania, avoiding the cost of paying for relocation. At all times relevant hereto, Axiom Bank paid state employment taxes in Pennsylvania.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the suit is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs.

5. Defendant is subject to personal jurisdiction pursuant to Fed. R. Civ. P. 4(k)(1)(d) and 42 Pa. Consol. Stat. Ann. § 5322, as Defendant has engaged in tortious acts within the state as set forth herein arising out of the business and service contracts with which Defendant has engaged in this Commonwealth Including but not limited to employing Mr. Panos in this Commonwealth, paying employment taxes in this Commonwealth, collecting deposits from Pennsylvania customers, and opening and maintaining and servicing accounts with active retail customers in Pennsylvania. By engaging in such actions Defendants have purposefully availed themselves to the benefits and responsibilities of doing business in Pennsylvania and thus have the requisite minimum contacts with this Commonwealth.

6. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(3).

## FACTUAL ALLEGATIONS

### Mr. Panos' Employment with Axiom Bank

7. On April 18, 2022, Mr. Panos commenced his employment with Axiom Bank. Mr. Panos was offered and accepted a three-year contract of employment with Axiom Bank to serve as its SVP, Banking Treasury Services.

8. His offer included a base salary of $225,000 annually (raised to 236,500 in March, 2023) as well as a 35,000 bonus payable in June of 2022 and participation in a 35% target bonus via his eligibility in the Bank's Leadership Incentive Plan.

9. In his position, Mr. Panos' duties included managing the vertically integrated Treasury Management team that handled the sales, implementation, operations, servicing and billing aspects of commercial relationships that purchased Treasury services.

10. Mr. Panos' employment contract provided no language indicating it was at will or could be terminated by the Bank in its discretion. To the contrary, by its explicit terms his employment agreement could only be voided if he was terminated "for cause."

11. Notwithstanding the terms of the employment agreement, Mr. Panos was terminated in a "job elimination" on or about June 29, 2023.

12. Mr. Panos' termination was not for cause and did not occur in the context of a change in control. Notwithstanding the foregoing, the Bank failed and refused to continue to pay Mr. Panos his salary or the entirety of the 35% target bonus due to him in March of 2023 under the terms of his three-year employment contract. This amounts to a willful breach of the Bank's employment contract with Mr. Panos.

13. As a result of his unlawful termination and the contractual breach, Mr. Panos has sustained damages caused by the Bank in excess of $600,000.

**COUNT I- BREACH OF CONTRACT**

14. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

15. Defendant entered into a three-year employment agreement with Mr. Panos (the "Agreement"). *See* Employment Agreement, attached hereto as **Exhibit 1**. Mr. Panos has satisfied any and all obligations under the Agreement and has not committed any material breaches thereof.

16. Under the terms of the Agreement, Axiom Bank agreed to employ Mr. Panos for a term of three years and stated that the agreement would only be void if Mr. Panos' job was terminated for cause. Ex. 1. No provisions allowed the Bank to terminate Mr. Panos without cause, at will, or with any specified notice in writing or otherwise. Except for a termination for cause, the Bank was contractually obligated to a three-year term of employment.

17. The three-year employment agreement provided that Mr. Panos would receive a salary in the amount of $225,000.00 (later increased to $236,500), a Bonus of $35,000 so long as he was still employed at the Bank and in good standing. Panos was also entitled to participate in a Leadership Incentive Plan.

18. Mr. Panos' Agreement with the Bank set forth that it if he was terminated for cause, all agreements were void. The agreement referred to additional terms set forth in a "Change in Control Agreement" that provided the terms of severance in the event the Bank was acquired. Nothing in either the employment agreement nor the change of control agreement indicated that the Bank had the right to terminate Mr. Panos at will or with notice. Except for stating that the Agreement was void in the event Mr. Panos was fired for cause, or there was a change in control (in which certain severance provisions applied) the Bank was contractually obligated to a three-year employment contract with Mr. Panos.

19. On or about June 29, 2023, Mr. Panos was terminated from his employment with Axiom Bank because of the stated reason of a purported "job elimination." Mr. Panos was not terminated for cause.

20. Thereafter, Axiom filed to pay Mr. Panos the amounts due and owing, including but not limited to the continuation of his salary and/or the June bonus.

21. By failing to pay Mr. Panos the entirety of the compensation owed to him under the Employment Agreement, Axiom Bank has materially breached the Agreement with Mr. Panos.

22. As a proximate result of Axiom Bank's breach of its contractual obligations, Mr. Panos has suffered and continues to be irreparably harmed and monetarily damages in an amount to be determined at trial, but such damages are at least in excess of $600,000.00.

**COUNT II- UNJUST ENRICHMENT**

23. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

24. Axiom Bank has received and appreciated the benefit of Mr. Panos' labor, time, and resources and has failed to provide the full amount of agreed-upon compensation to Mr. Panos.

25. As alleged herein, Mr. Panos rightfully expected that his employment with Axiom Bank would be for the full three-year term and, as such, he expected full remuneration of all compensation that Axiom Bank agreed to provide during the time that the benefit was conferred to Axiom Bank.

26. The acceptance and retention of that benefit by Axiom Bank, without full payment to Mr. Panos, would be unjust and inequitable for Axiom Bank to retain the benefits without full payment of value.

27. As a proximate result of this unjust enrichment, Mr. Panos has suffered and continues to be irreparably harmed and monetarily damages in an amount to be determined at trial, but such damages are at least in excess of $600,000.00.

## COUNT III- VIOLATION OF PENNSYLVANIA WAGE PAYMENT LAW
### (PA ST 43 P.S. § 260.1)

28. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

29. Pursuant to 43 P.S. § 260.3, "[e]very employer shall pay all wages…due to his employees on regular paydays designated in advance by the employer." PA ST 43 P.S. § 260.1.

30. Under 43 P.S. § 260.3(a), "[w]henever an employer separates an employee from the payroll, or whenever an employee quits or resigns from his employment, the wages or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable." PA ST 43 P.S. § 260.3(a).

31. Axiom Bank has intentionally failed to pay the full amount of wages to Mr. Panos that were agreed-upon and required pursuant to the Agreement.

32. Axiom Bank's knowing failure to pay the full amount of wages to Mr. Panos was not an inadvertent error made in good faith and Axiom Bank did not have any reasonable grounds for believing that the failure to pay wages was not a violation.

33. These actions constitute violations of the Pennsylvania Payment Law.

34. As a result of Axiom Bank's violations of the Pennsylvania Wage Payment Law, Mr. Panos has suffered and continues to be irreparably harmed and monetarily damages in an amount to be determined at trial, but such damages are at least in excess of $600,000.00. Mr. Panos is further entitled to liquidated damages, as well as costs and reasonable attorney's fees, pursuant to 43 P.S. §§ 260(9)(a) and 260.10.

### **PRAYER FOR RELIEF**

**WHEREFORE**, as to all counts, Plaintiff respectfully requests that the Court enter judgment in its favor and award the following relief against Defendant:

A. That Plaintiff be awarded compensatory damages in an amount of $600,000 or to be determined at trial;

B. That Plaintiff be awarded its actual and consequential damages according to proof at trial;

C. That Plaintiff be awarded liquidated and treble damages as permitted by law;

D. That Plaintiff be awarded prejudgment interest to the fullest extent available under applicable law;

E. That Plaintiff be awarded costs and reasonable attorney's fees to the fullest extent available under applicable law; and

F. That Plaintiff be granted such other and further relief as the Court deems just and proper.

### Demand for Jury Trial

Plaintiff respectfully requests and demands a jury trial on all issues so triable.

Respectfully submitted,

MITCHELL SANDLER LLC

*/s/ V. Amanda Witts*
V. Amanda Witts, Esq. (PA Bar No. 308902)
Ari Karen, Esq. (*pro hac vice application forthcoming*)
Sean Harding, Esq. (*pro hac vice application forthcoming*)
1120 20th Street, NW, Suite 725
Washington, D.C. 20036
(202) 886-5267
v.awitts@mitchellsandler.com

akaren@mitchellsandler.com
sharding@mitchellsandler.com

***Attorneys for Plaintiff, George Panos***